UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOEL JEANNITE., Plaintiff, v. DEREK SMITH, Defendant. | CIVIL ACTION No. 23-11994-AK |

**ORDER**

**A. KELLEY, D.J.**                                                                                              August 31, 2023

Plaintiff Joel Jeannite, a resident of Boston, Massachusetts, initiated this action by filing a self-prepared complaint against Derek Smith, a resident of Tacoma, Washington. Instead of paying the $402 fee for commencing a non-habeas civil action, Jeannite has filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Application") (often referred to as a motion for leave to proceed *in forma pauperis*).

Under the federal *in forma pauperis* statute, a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [showing] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). One does not have to be "absolutely destitute" to proceed *in forma pauperis*. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Rather, the litigant must show he cannot pay the filing fee "and still be able to provide himself and dependents with the necessities of life." Id. Leave to proceed *in forma pauperis* is a privilege, not a right. See, e.g., Young v. Bowser, 843 Fed. App'x 341, 342 (D.C. Cir. 2021); Daker v. Jackson, 942 F.3d 1252, 1257 (11th Cir. 2019); Bryant v. United

States, 618 Fed. App'x 683, 685 (Fed. Cir. 2015); Lofton v. SP Plus Corp., 578 Fed. App'x 603, 604 (7th Cir. 2014); White v. State of Colo., 157 F.3d 1226, 1233 (10th Cir. 1998); see also Skinner v. Switzer, 562 U.S. 521, 535-36 (2011) (referring to "*in forma pauperis* privileges").

In the Application, which Jeannite signed under penalty of perjury, he represents that he is without any income or assets. He further represents that does not have regular monthly expenses for housing, transportation, utilities, or other necessities. He has not, however, provided any information as to how he affords the basis expenses of life. He left blank the question on the Application concerning the amount of money he has in cash or in a bank account. Without such information, the Court cannot evaluate whether he may proceed *in forma pauperis*. In addition, the Court cannot reconcile Jeannite's alleged lack of any income or assets with his allegations in the instant complaint, and in the complaints filed in Jeannite v. Lucy, C.A. No. 23-11884-DJC (D. Mass); Jeannite v. Minnicucci, C.A. No. 23-11886-LTS (D. Mass.), Jeannite v. Butler, C.A. No. 23-11989-LTS (D. Mass.); Jeannite v. White, C.A. No. 23-11992-PGL (D. Mass.); Jeannite v. Villa, C.A. No. 23-11995-MJJ (D. Mass.); and Jeannite v. Metruck, C.A. No. 23-11996-ADB (D. Mass.). that law enforcement at the Seattle airport stole $44,000 from him that he had carried in his luggage during a flight from Boston to Seattle.

Moreover, Joel Jeannite has been a frequent litigant in the United States District Court for the District of Massachusetts. The Court's records indicate that during the last 30 days alone,

Jeannite filed 18 cases.[1]  From January through July 2023, Jeannite filed 14 cases.[2]  Last year, in 2022, Jeannite filed six cases.[3]

---

[1] Jeannite v. Butler, 23-11989-LTS (filed Aug. 29, 2023); Jeannite v. Parker, 23-11991-JCB (filed Aug. 29, 2023); Jeannite v. White, 23-11992-PGL (filed Aug. 29, 2023); Jeannite v. Olivia, 23-11993-DCL (filed Aug. 29, 2023); Jeannite v. Smith, 23-11994-AK (filed Aug. 29, 2023); Jeannite v. Villa, 23-11995-MJJ (filed Aug. 29, 2023); Jeannite v. Metruck, 23-11996-ADB (filed Aug. 29, 2023); Jeannite v. Amaral, 23-11978-NMG (filed Aug. 28, 2023); Jeannite v. Contelmo, 23-11977-TSH (Filed Aug. 28, 2023); Jeannite v. Doe, 23-11887-AK (filed Aug. 28, 2023); Jeannite v. Minnicucci, 23-11886-LTS (filed Aug. 17, 2023); Jeannite v. Saris, 23-11885-NT (filed Aug. 17,2023) Jeannite v. Lucy, 23-11884-DJC (filed Aug. 17, 2023).; Jeannite v. Horton, 23-11988-RGS (filed Aug. 28, 2023); Jeannite v. Correira, 23-11638-WGY (filed Aug 8, 2023); Jeannite v. Perez, 23-11545-IT (filed Aug 8, 2023); Jeannite v. Sciacca, 23-11689-AK (filed Aug. 10, 2023); and Jeannite v. ADS Smith, 23-11812-IT (filed Aug. 10, 2023).

[2] Jeannite v Barrett, 23-11319-WGY (Aug. 29, 2023, dismissed for plaintiff's failure (1) to comply with the June 13, 2023 order; (2) to prosecute; and (3) to state a claim upon which relief may be granted pursuant 28 U.S.C. 1915(e)(2)(B)(ii)); Jeannite v. Hull, 23-11316-AK (July 14, 2023, dismissed for failure to comply with court order concerning filing fee); Jeannite v. Keeney, 23-11234-RGS ( June 21, 2023, dismissed for failure to comply with court order to file an amended complaint stating a plausible claim upon which relief may be granted); Jeannite v. TPR Munoz 4946, 23-10852-ADB (June 26, 2023, dismissed for failure to comply with court order to file an amended complaint stating a plausible claim upon which relief may be granted); Jeannite v. Greenberg, 23-10535-AK (June 1, 2023, dismissed for failing to comply with court order concerning filing fee); Jeannite v. Orfanello, 23-10522-LTS (May 10, 2023, sua sponte dismissal as frivolous); Jeannite v. Coyne 5194, 23-10408-RGS (Mar. 30, 2023, dismissed pursuant to 1915(e)(2)(B)(ii) for failing to state a plausible claim upon which relief can be granted); Jeannite v. Trooper Nunziato, 23-10405-NMG  (April 4, 2023, dismissed for failure to comply with court order to file an amended complaint); Jeannite v Harrington #5172, 23-10676-PBS (June 6, 2023, order dismissing for failure to comply with court order to file amended complaint); Jeannite v. Davidson, 23-10317-LTS (May 16, 2023, dismissed with prejudice for failure to state a claim); Jeannite v. Ward, 23-11020-WGY (June 26, 203, dismissed for plaintiff's failure (1) to comply with the June 9, 2023 order; (2) to prosecute; and (3) to state a claim upon which relief may be granted pursuant 28 U.S.C. 1915(e)(2)(B)(ii); Jeannite v. Tryon, 23-11021-IT (June 21, 2023, dismissed without prejudice for failing to keep the court apprised of Jeannite's address and failing to comply with the Court's June 9, 2023 Order); Jeannite v. Shuuhan, 23-11022-IT (June 21, 2023, dismissed without prejudice for failing to keep the court apprised of Jeannite's address and failing to comply with the Court's June 9, 2023 Order); and Jeannite v. Borgol, 11024-WGY (Aug. 30, 2023, dismissed for plaintiff's failure to comply with a court order).

[3] Jeannite v. Bank of America Gordana, 22-12233-ADB (motion to dismiss pending); Jeannite v. Lyndsey life guard, 22-12087-ADB (Feb. 8, 2023, dismissed for failure to state a claim upon which relief may be granted); Jeannite v. Landren Badge #5220, 22-12086-IT   (Mar. 21, 2023, dismissing without prejudice for failure to comply with court order to file an amended

As the Court's records indicate, Jeannite has initiated dozens of actions and subsequently failed to comply with the Court's Orders concerning the filing fee, the merits of his claims and/or his obligation to notify the clerk of any change of address.  The Court advises Jeannite that a district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation.  Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)).

This Order shall serve as a warning that the Court hopes will deter Jeannite from continuing to file legally deficient pleadings and/or ignoring the Court's Orders.  Should he persist in ignoring the Court's orders and/or filing frivolous pleadings, Jeannite may be sanctioned, including without limitation, enjoinment from proceeding *in forma pauperis* and/or filing in this district without obtaining leave of court.

Thus, the Court will deny the Application without prejudice.  If Jeannite wishes to proceed without prepayment of the filing fee, he must file a renewed Application in which he provides the Court with an explanation as to how he is able to afford the basic necessities of life.  He must report, *inter alia*, whether family or friends pay for his living expenses or provide him with tangible goods.  Jeannite must complete an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (AO 239), which the Clerk will provide.  He will, as necessary, supplement the form with additional relevant information, including information concerning financial support he receives from others.

---

complaint), appeal dismissed No. 23-1308 (June 12, 2023, appeal dismissed for lack of diligent prosecution); Jeannite v. At Demoulas, 22-12065-LTS (Mar. 29, 2023, dismissed without prejudice for failure to state a claim upon which relief may be granted); and Jeannite v. Officer Wright, 22-11060-PBS  (May 1, 2023, order granting motion to dismiss for failure to state a claim and dismissing remaining claims for lack of subject matter jurisdiction).

Accordingly, the Application is DENIED WITHOUT PREJUDICE to renewal as set forth above. Jeannite must, within twenty-one days of the date of this Order, file the renewed Application or pay the $402 filing fee. Failure to do so will result in dismissal of the action without prejudice.

**SO ORDERED.**

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge